Filed 10/20/21  P. v. Tate CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LEROY TATE, JR.,<br><br>Defendant and Appellant. | F081403<br><br>(Super. Ct. No. 03CM3281)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Stephanie A. Mitchell, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Detjen, J. and Peña, J.

## INTRODUCTION

In 2003, petitioner Leroy Tate, Jr., pled no contest to the second degree murder of his infant stepson (Pen. Code,[1] § 187, subd. (a)), and admitted having suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12).[2] For this offense, the trial court sentenced petitioner to a term of 30 years to life.

In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. The court denied the petition without issuing an order to show cause after reviewing the probation report and determining that petitioner was the actual killer and acted with at least implied malice, disqualifying factors pursuant to section 1170.95, subdivision (a)(3).

On appeal, petitioner asserts he established a prima facie claim for resentencing relief, and the court therefore erred in denying the petition without issuing an order to show cause or holding an evidentiary hearing. The People concede the court engaged in improper factfinding at the prima facie stage, but argue the record nonetheless demonstrates petitioner was prosecuted as the actual killer and is therefore ineligible for relief as a matter of law. We agree with petitioner that the record does not establish his ineligibility as a matter of law, and we therefore reverse.

## FACTUAL AND PROCEDURAL HISTORY

On September 2, 2003, the Kings County District Attorney filed a complaint charging petitioner with the murder of T.T. (§ 187, subd. (a); count I), child abuse of T.T. (§ 273a, subd. (a); count II), and assault of minor John Doe with force likely to produce great bodily injury (§ 245, subd. (a)(1); count III). Petitioner's codefendant, Jennifer Marie Bickett-Tate,[3] also was charged on count II, as well as on an additional charge of being an accessory to the murder of T.T. (§ 32; count IV). On September 3, 2003, the

---

[1] Undesignated statutory references are to the Penal Code.

[2] Petitioner originally was charged with additional offenses as described below.

[3] Bickett-Tate appears to be T.T.'s mother.

2.

People filed an amended complaint, which added against petitioner the charge of assault of T.T. with force likely to produce great bodily injury and resulting in the death. (§ 273ab; count V).

On October 15, 2003, petitioner waived his statutory right to a preliminary hearing and was held to answer on counts I, II, III, and V. On October 21, 2003, the People filed an information, charging petitioner with the murder of T.T. (§ 187, subd. (a); count 1), child abuse of T.T. (§ 273a, subd. (a); count 2), assault of John Doe with force likely to produce bodily injury (§ 245, subd. (a)(1); count 3), and assault of T.T. with force likely to produce great bodily injury and resulting in the death (§ 273ab; count 4). The information also alleged petitioner suffered a prior strike conviction. Bickett-Tate was not charged in the information.

On December 15, 2003, petitioner pled no contest to second degree murder on count 1 pursuant to *People v. West* (1970) 3 Cal.3d 595. He also admitted the prior strike conviction. The court noted no factual basis was required for the plea and none was taken. The remaining counts were dismissed.

On January 14, 2004, the court sentenced petitioner to a term of 30 years to life.

On February 8, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1170.95. In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he pled no contest to first or second degree murder in lieu of going to trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019.

On April 25, 2019, the People filed an opposition to the petition on the merits. Therein, the People relied on facts set out in the probation report to argue petitioner was

the actual killer and acted with at least implied malice, and he therefore was ineligible for resentencing.[4]  The People also argued section 1170.95 is unconstitutional.

On May 30, 2019, the court appointed counsel to represent petitioner on the petition.  Despite seeking, and receiving, an extension of time to do so, counsel did not file a reply to the People's opposition.

On June 3, 2020, the court denied the petition.  The court stated it had considered the facts set forth in the probation report and transcripts of petitioner's plea and sentencing.  After summarizing facts derived from the probation report, the court stated: "It is clear from the record that [p]etitioner was the actual killer who acted with – at a minimum – implied malice."  On that basis, the petition was denied.

This timely appeal followed.

## DISCUSSION

### I.      Senate Bill No. 1437 (2017-2018 Reg. Sess.) and Section 1170.95

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill accomplished this task by adding three separate provisions to the Penal Code.  (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added

---

[4]      Very briefly stated, the probation report described petitioner as T.T.'s stepfather, and explained that T.T. was approximately nine months old when he was taken to an emergency room with multiple injuries and was pronounced dead.  Petitioner and Bickett-Tate gave conflicting stories of how the injuries occurred.  Petitioner's minor son and other witnesses reported seeing petitioner abuse T.T. and Bickett-Tate's older son.  According to the probation report, petitioner later admitted to police that he abused Bickett-Tate's older son and also grabbed T.T. by the face and kicked him.

section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[5] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above."[6] (*Gentile*, at p. 843.)

"Section 1170.95 lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.) First, "an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be

---

**5**     Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672, review granted Feb. 24, 2021, S266336.)

**6**     The Legislature recently passed, and the Governor signed, a bill amending section 1170.95. (Sen. Bill No. 775 (2021-2022 Reg. Sess.).) The amendments are not yet effective (Cal. Const., art. IV, § 8, subd. (c)(1)) and, in any event, would not alter our analysis. We quote from the version of section 1170.95 presently in effect.

convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subd[]. (a)(1)-(3); see also § 1170.95, subd. (b)(1)(A).) Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Where the petition complies with the requirements of section 1170.95, subdivision (b)(1), counsel must be appointed, if requested. The prosecutor must file a response and the petitioner may file a reply. The trial court must then review the petition to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at pp. 971-972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must 'prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (*Ibid.*)" (*Gentile*, *supra*, 10 Cal.5th at p. 853.)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable

6.

that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II. The Trial Court Erred in Failing to Issue an Order to Show Cause

The trial court denied petitioner's petition for resentencing on the ground he was the actual killer and therefore ineligible for relief. Thus, the court did not issue an order to show cause or conduct an evidentiary hearing. We conclude the court erred in denying the petition at the prima facie stage because the record does not establish petitioner is ineligible for resentencing as a matter of law.

The court relied on facts set out in the probation report to conclude petitioner was the actual killer and acted with at least implied malice. The People concede this determination required fact finding that was impermissible at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at pp. 971-972; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815 (*Duchine*) [holding that, where the record is not dispositive of factual issues, "the time for weighing and balancing and making findings on the ultimate issues arises at the evidentiary hearing stage rather than the prima facie stage"].) Petitioner did not stipulate to a factual basis for the plea and there was therefore no factual record for the court to rely on in determining the theory on which the prosecution was based. (Cf. *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1161-1162, 1166-1168 [affirming denial of petition where the petitioner stipulated to a factual basis for the plea based on the preliminary hearing transcript].)

Nonetheless, the People argue the petition was properly denied because the charge and plea demonstrate petitioner is ineligible for resentencing as a matter of law. The People first rely on the charge as stated in the information. The information alleged that petitioner committed murder, in that petitioner "did unlawfully, and with malice aforethought murder [T.T.], a human being." However, this language does not exclude the possibility that petitioner would be prosecuted under a theory of felony murder or

7.

murder under the natural and probable consequences doctrine. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 232-233, review granted June 9, 2021, S268405.) Rather, the charge allowed the prosecution "to proceed on *any* theory of murder," including the imputed malice theories eliminated by Senate Bill No. 1437 (2017-2018 Reg. Sess.). (*Rivera*, at p. 233.) Furthermore, petitioner's plea of no contest to second degree murder admitted the elements of that crime, but not that the crime was committed via any particular theory. (*People v. Saez* (2015) 237 Cal.App.4th 1177, 1206 [a guilty plea is an admission of the elements of the charged offense, and nothing more].) Thus, neither the information nor the plea excludes the possibility that petitioner could have been convicted under the felony-murder rule or natural and probable consequences doctrine.[7]

The People also point out that no other coprincipal was accused of T.T.'s murder in either the complaint, amended complaint, or information and, additionally, petitioner was the only individual charged with assault of T.T. with force likely to produce great bodily injury resulting in death. We decline to rely on the charges as stated in any superseded charging instruments, as well as any charges that were dismissed, to reach any conclusions regarding petitioner's culpability. While the nature of the charges certainly suggests the prosecution intended to proceed on the theory that petitioner was the actual killer, the charges do not conclusively establish that petitioner engaged in the requisite acts with the requisite intent. (See *Duchine*, *supra*, 60 Cal.App.5th at p. 815 ["[A]bsent a record of conviction that conclusively establishes that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question [the petitioner's] evidence."]; accord, *Lewis*, *supra*, 11 Cal.5th at p. 971.)

---

**7**    The People also argue the information did not permit the prosecution to proceed under a felony-murder theory because the underlying felonies of child abuse and assault on a child resulting in death would merge with the homicide. Accepting, without deciding, the merit of the foregoing argument, the record does not establish petitioner nonetheless could not have been convicted under the natural and probable consequences doctrine.

Finally, the People point out petitioner made no offer of proof to show he was not the actual killer, does not name the actual killer, does not identify a target offense he allegedly aided and abetted, and does not provide a factual scenario under which he was not the actual killer. Petitioner was not required to bring forth additional evidence or provide an offer of proof supporting his claim for relief at the prima facie stage. (§ 1170.95, subd. (c); see § 1170.95, subd. (d); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 967, 974, fn. 7.) At the prima facie stage, "a court must make all factual inferences in the petitioner's favor [citation]; thus, there is no danger the court will find ineligibility based upon an unclear or missing record." (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 909, review granted Aug. 12, 2020, S263219, abrogated on another ground by *Lewis*, at pp. 962-963.) The prima facie stage merely affords the People an opportunity to bring forth record evidence to establish petitioner is ineligible for relief as a matter of law. (*Lewis*, at pp. 966-967, 970-971.) Ultimately, the bare record in the instant case is insufficient to support the People's claim of ineligibility.

Based on the foregoing, we cannot conclude, as a matter of law, that petitioner is ineligible for resentencing relief. Because petitioner adequately alleged a prima facie claim for relief and the record does not rebut his allegations as a matter of law, the court was required to issue an order to show cause (§ 1170.95, subd. (c)), and to hold a hearing at which the prosecution bears the burden of proving petitioner's ineligibility for resentencing relief beyond a reasonable doubt, unless such hearing is waived (§ 1170.95, subd. (d)). The court erred in failing to follow these procedures. Neither party argues the error was harmless, and we cannot say it is reasonably probable the petition properly could have been denied without an evidentiary hearing on any other basis. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974.) Accordingly, we must reverse.

## DISPOSITION

The June 3, 2020 order denying petitioner's section 1170.95 petition is reversed. On remand, the trial court is directed to issue an order to show cause and to conduct

9.

further proceedings as required under section 1170.95, subdivision (d), in light of the principles set forth herein.